# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

Dustin Robert Williamson _____ )    Civil Action No. _____
[Enter the full name of the plaintiff in this action]    )
                                    )    (to be assigned by Clerk)
                                    )
v.                                  )    **COMPLAINT**
                                  )
Brian Sterling and or Jane or John Doe _____ )    Pretrial Detainee
Ed Carroll _____ )
Deloris Charlton _____ )
Jane or John Doe _____ )
                                  )
_____ )
Enter above the full name of defendant(s) in this action    )

*(Stamp on right side:)* 2015 NOV 23 PM 2:06 RECEIVED USDC CLERK, COLUMBIA, SC

## I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise related to your imprisonment?      Yes _____     No ✓

B. If your answer to A is Yes, describe the lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.

    1.   Parties to this previous lawsuit:

        Plaintiff:   N/A _____

        Defendant(s):   N/A _____

    2. Court:   N/A _____
                *(If federal court, name the district; if state court, name the county)*

    3. Docket Number:   N/A _____

    4. Name(s) of Judge(s) to whom case was assigned:   N/A _____

    5. Disposition:   N/A _____
                *(For example, was the case dismissed? Appealed? Pending?)*

    6. Approximate date of filing lawsuit:   N/A _____

    7. Approximate date of disposition:   N/A _____

Complaint ~~State Prisoner~~ Pretrial detainee
Revised October 3, 2007

## II.   PLACE OF PRESENT CONFINEMENT

A. Name of Prison/Jail/Institution:  _Lee Correctional Institution_

B. What are the issues that you are attempting to litigate in the above-captioned case? _____

   _Violation of Plaintiffs Constitutional Rights_

C. (1)   Is there a prisoner grievance procedure in this institution?   Yes_____   No_____

   (2)   Did you file a grievance concerning the claims you are raising in this matter?   Yes_____   No_____

       When_____   Grievance Number (if available) _____

D. Have you received a final agency/departmental/institutional answer or determination concerning this matter (*i.e.*, your grievance)?   Yes_____   No_____

E. When was the final agency/departmental/institutional answer or determination received by you? _____

   *If possible, please attach a copy of your grievance and a copy of the highest level decision concerning your grievance that you have received.*

F. If there is no prison grievance procedures in this institution, did you complain to prison, jail, or institutional authorities?   Yes_____   No_____

G. If your answer is YES:

   1.   What steps did you take?   _Filed Grievance in Kirkland CorrectionalInst._

   2.   What was the result?_____

## III. PARTIES

*In Item A below, place your name, inmate number, and address in the space provided. Do the same for additional plaintiffs, if any.*

A. Name of Plaintiff: _Dustin Robert Williamson_    Inmate No.: _SK5283_

   Address:  _990 Wisacky Hwy, Bishopville, South Carolina 29010_

   *In Item B below, place the full name of the defendant, his official position, and place of employment in the space provided. Use Item C for additional defendants, if any.*

B. Name of Defendant: _Ed Carrol_    Position: _Sheriff_

   Place of Employment: _Barnwell County Sheriffs Office_

C. Additional Defendants (*provide the same information for each defendant as listed in Item B above*):

   _Brian Sterling, Director, and or Jane or John Doe, SCDC_
   _Deloris Charlton, Administrator, Barnwell County Detention Center_
   _Jane or John Doe at Solicitors Office in Barnwell, South Carolina_

Complaint ◄━━━━━ Pretrial detainee
Revised October 3, 2007

## IV. STATEMENT OF CLAIM

*State here, as briefly as possible, the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach an extra sheet if necessary.*

1. On November 22, 2013 Plaintiff was transported to the Barnwell County Sheriff's Office for questioning about an alleged letter written in the county jail. Later that day Plaintiff was transferred from the Barnwell County Detention Center to the Aiken County Detention Center for punitive reasons. At no time was a hearing or a notice giving to the Plaintiff.

2. On November 25, 2013 Plaintiff was transferred to the South Carolina Department of Corrections (SCDC) Maximum Security Unit (MSU) for punitive reasons. At no time was Plaintiff given a hearing or a notice of his transfer.

3. While housed in the Maximum Security Unit Plaintiff wrote several letters concerning his transfer to SCDC.

4. On June 30, 2014 Plaintiff sent a letter to Warden Benard Mckie (Warden of the Kirkland Correctional Institution). Plaintiff recieved a letter dated June 30, 2014 from Warden Mckie stating: You were authorized to be housed within the South Carolina Department of Corrections by Governor Nikki Haley. Once approved for placement in pretrial Safekeeping Status it is the Department of Corrections descretion to determine where you will be placed.

Complaint - ~~███████~~ Pretrial Detainee
Revised October 3, 2007

IV.  STATEMENT OF CLAIM - continued.

5. Plaintiff recieved a letter from the Deputy Director of Opperations Office from Robert E. Ward dated July 17, 2014. The letter states: You may contact the county that initiated your placement within the agency. If you have an institutional concern you may always contact the warden of your facility with your concerns.

6. On July 23, 2014 Plaintiff sent a letter to Warden Mckie. Plaintiff recieved a letter dated August 7, 2014 from Ms. Livingston the Program Cordinator at the Kirkland Reception and Evaluation Center. The letter states: Per Policy 3k:22.02 Governor Haley signed and approved safekeeping order dated November 22, 2013 placeing you in safekeeping status. Per Policy OP-22.11 Maximum Security Unit emergency placement in MSU is approved by the Agency Director or Divinsion Director of Opperations. Due to your extreamly violent and uncontrollable behavior at the county facility you are being housed in MSU.

7. On September 3, 2014 Plaintiff sent a letter concerning the Freedom of Information Act at a SLED Stating: The S.C. Law Enforcement Division was not responsible for the papperwork of your transfer from the Aiken County Detention Center to the Kirkland Correctional Institution. Please contact the Barnwell County Sheriffs Department for information they have on the matter.

Complaint - ~~[redacted]~~ Pretrial detainee
Revised October 3, 2007

IV.   STATEMENT OF CLAIM - continued.

8. On May 25, 2015 Plaintiff sent a letter to Defendant Charlton at the Barnwell County Detention Center (BCDC). Plaintiff requested the BCDC inmate disciplinary policy, asked her who was in charge or has authority over the county jail and to confirm the 3 writeups Plaintiff had recieved in the county facility. The first incident was for a fight on October 9, 2013, the second was for sitting on the mattress on the floor on October 23, 2013 and the third was for sitting on the mattress on the floor on November 12, 2013. This is not uncontrollable behavior.

9. To show and prove what Plaintiff is saying, Plaintiff recieved a letter from Defendant Charlton dated June 9, 2015. The letter states: Enclosed you will find a copy of the Barnwell County Detention Center Policy on inmate disciplinary as you requested. Also in screening your records, there are no other incident reports against you beside the dates you listed in your letter. The Sheriff of Barnwell County Sheriff Ed Carroll, is in charge of the Detention Center. (How can 3 writeups get the Plaintiff nearly 2 years in the Department of Corrections ?)

10. On July 13, 2015 Plaintiff sent a letter to Detendant Carroll concerning the Freedom of Information Act request. Plaintiff requested the safekeeping order and to confirm if any charges were brought against him about the alleged letter.

Complaint ~~━━━━━━~~    Pretrial detainee
Revised October 3, 2007

Statement of Claim - continued

11. On July 27, 2015 Plaintiffs court appointed attorney for his criminal charges Nicole L. Singletary advised him that the solicitors office dismissed the charges against him about the alleged letter.

12. Plaintiff recieved a letter from Defendant Carroll dated August 18, 2015 stating: Barnwell Sheriffs Department does not have any safekeeping orders or any information pertinent to what you are requesting. Our Office did not bring any charges it was either SLED or the Barnwell Police Department. The Safekeeping order came at the request of the Solicitors Office.

13. On August 26, 2015 Plaintiff had a court hearing to relieve counsel in Barnwell, South Carolina. At the hearing, Judge Early and Plaintiffs attorney Ms. Singletary address that they were both fully aware of the Punitive Conditions of confinement that Plaintiff have been housed in. Judge Early advised Plaintiff that he would be transferred to Lee Correctional Institution, Plaintiff protested that he did not want to be housed in prison but any county jail. Judge Early advised plaintiff that he would have more Freedom and have more contact with his attorney and family. Later Plaintiff's attorney advised him of these same actions.

14. On August 27, 2015 Plaintiff was transferred to the Lee Correctional Institution. However, Plaintiff is still housed in the same punitive conditions.

15. On September 9th and 10th of 2015 Plaintiff sent his attorney Ms. Singletary 2 letters at which one was opened and returned to Plaintiff and the other was sent out to Ms. Singletary. Ms. Singletary denied recieving the letter, the letters contained some information about Plaintiffs case. Therefore, Plaintiff does

Statement of Claim - continued

not write Ms. Singletary because they are opening and
reading his legal mail.

16. On November 3, 2015 Plaintiff had a Bond hearing in Barnwell,
South Carolina. At the hearing, Plaintiffs attorney Ms. Singletary
stated: The same punitive conditions are imposed on the
plaintiff even though he has been transferred to Lee. Also
this has infringed on our attorney client relationship and
violates plaintiffs 6th Amendment Right to Counsel.

17. Therefore, Being that plaintiff is a Pretrial detainee he cannot
be housed in general population within SCDC. Even though Plaintiff
is a pretrial detainee who is not suppose to be subjected to
any punishment, Plaintiff is on lockdown 24 hours a day in
North lockup with inmates for disciplinary infractions.

18. For almost the last 2 years Plaintiff has been housed in these
"punitive conditions of confinement." It obviously shows a
significant hardship by: 1) Plaintiff cannot order soap from the
canteen, but you have inmates that have been convicted of
crimes that can. 2) Plaintiff is denied legal books. 3) Plaintiff
gets no outdoor exercize (which prisons must provide prisoners
with oppurtunities to exercize out of there cell) 4) Plaintiff
showers only once mabe twice a week and thats one of
the only times Plaintiff leaves the cell (the other is to make
a legal call). 5) Plaintiff cannot order envolopes from the canteen
to write family; Plaintiff gets 2 free envolopes a month. 6) Plaintiff
is denied certain medical treatment because Barnwell has
custody over him. Plaintiff is not an SCDC inmate and rellys on
SCDC staff to put in certain papperwork they are not doing.
Also, Plaintiff is under mental health and this type of
continement has extreamly contributed to his mental capacity,
where Plaintiff takes 7 pills a day antisychotic medication and
sleepin medication etc.. Then again plaintiff never had to take

Statement of Claim - continued

this type of medication untill his housing in these punitive conditions.

19. In general population and other convicted Prisoners have more privileges than the Plaintiff and Plaintiff has not been convicted of any criminal charge. Although Plaintiff has been transferred from the Maximum Security Unit to Lee alot of the same punitive conditions remain and some has gotten worst. Therefore, plaintiff has been punished not once but twice.

20. Upon information and belief, the safekeeping order was requested by the Solicitors Office with the intent to punish and deny Plaintiff due process of law. Knowingly, Detendant Carroll and others aided this action.

21. Clearly Plaintiff did not have any extreamly violent and uncontrollable behavior in the county facility. Being that Plaintiff is the 1st Pretrial detainee to get transferred from the Barnwell County Detention Center to the Maximum Security Unit. Plaintiff was clearly singled out not only by the Barnwell County Detention Center but also by the Solicitors office. Plaintiff does not fall within the criteria of SCDC housing so obviously plaintiff is housed within SCDC for his criminal charges.

End of Stament of Claim

Dustin Williamson

## V.    RELIEF

*State briefly and exactly what you want the court to do for you.*

1. Plaintiff prays for relief as stated;

2. A preliminary and permanent injuction ordering Defendant Brian Sterling to do the following; a) Release the Plaintiff from SCDC and place him in a county jail; b) stop housing pretrial detainees within the Maximum Security Unit and stop pushing them. c) Provide Pretrial detainees housed within SCDC outdoor exercize, canteen privileges, access to legal books and magizines; and d) Provide convicted prisoners on lockup (esp. at Lee) out of cell exercize, and

3. A permanent injuction ordering Defendants Ed Carroll and Deloris Charlton to stop punishing pretrial detainees that have not been convicted of there alleged allegations without proper cause. Also, to provide pretrial detainces with a hearing or a notice before being punished or transferred from the Barnwell County Detention Center so they mabe able to contest their transfer, and

4. A permanant injuction ordering the Defendant Jane or John Doe at the Solicitors office to stop punishing pretrial detainees of their criminal charges that they have not been convicted of,

**I declare under penalty of perjury that the foregoing is true and correct.**

*Signed this* 12 *day of* November *, 20* 15 *.*

Justin Williamson

**Signature of Plaintiff**

Complaint ~~Form~~ Pretrial detainee
Revised October 3, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Dustin Robert Williamson                                    )
                            Plaintiff                       )
                                                            )
            v.                                              )
                                                            )
Brian Sterling and or Jane or John Doe                      )    COMPLAINT
Ed Carroll, Sheriff                                         )
Deloris Charlton, Administrator Barnwell County Detention Center )
Individually and in their official capacities               )
Jane or John Doe in individual capacity                     )
                                          Defendants.       )

## I. JURISDICTION & VENUE

1  This is a civil action authorized by 42 U.S.C. Section 1973 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. section 2201 and 2202. Plantiff's claims for injunctive relief are authorized by 28 U.S.C. section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2  The District of South Carolina is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events given rise to this claim accured.

## II. PLAINTIFF

3  Plaintiff Dustin Robert Williamson is and was at all times mentioned herein a pretrial detainee of the State of South Carolina in custody of the Barnwell County Detention Center. He is currently confined in the Lee Correctional Institution in Bishopville, South Carolina.

# III. DEFENDANTS

4. Defendant, Brian Sterling is the Director of the State of South Carolina Department of Corrections. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, Including the Lee Correctional Institution.

5. Defendant, Ed Carroll is the Sheriff of Barnwell County. He is legally responsible for the operation of the Barnwell County Detention Center and for the welfare of all inmates in that facility.

6. Defendant, Deloris Charlton is the Administrator of the Barnwell County Detention Center in South Carolina who at all times in this complaint held that rank.

7. Defendant, Jane or John Doe is employed at the Barnwell County Solicitor's Office in Barnwell, South Carolina.

8. Each defendant is sued individually and in his or her official capacity but Jane or John Doe is sued only in his or her individual capacity.

# III FACTS

9. On November 22, 2013 Plaintiff was transported to the Barnwell County Sheriff's office for questioning about an alleged letter written in the county jail. Later that day Plaintiff was transferred from the Barnwell County Detention Center to the Aiken County Detention Center for punitive reasons. At no time was a hearing or a notice giving to the Plaintiff.

10. On November 25, 2013 Plaintiff was transferred to the South Carolina Department of Corrections (SCDC) Maximum Security Unit (MSU) for punitive reasons. At no time was plaintiff given a

hearing or a notice of his transfer.

11 While housed in the Maximum Security Unit Plaintiff wrote several letters concerning his transfer to SCDC.

12 On June 30, 2014 Plaintiff sent a letter to Warden Benard Mckie (Warden of the Kirkland Correctional Institution). Plaintiff recieved a letter dated June 30, 2014 from Warden Mckie stating: You were authorized to be housed within the South Carolina Department of Corrections by Governor Nikki Haley. Once approved for placement in pretrial Safekeeping status it is the Department of Corrections descretion to determine where you will be placed. See Exhibit (A) attached.

13 Plaintiff recieved a letter from the Deputy Director of Operations Office from Robert E. Ward dated July 17, 2014. The letter states: You may contact the county that initiated your placement with the SCDC or Governor's Office that approved your placement within the agency. If you have an institutional concern you may always contact the warden of your facility with your concerns. See Exhibit (B) Attached.

14 On July 28, 2014 Plaintiff sent a letter to Warden Mckie. Plaintiff recieved a letter dated August 7, 2014 from Ms. Livingston the Program Cordinator at the Kirkland Reception and Evaluation Center. The letter states: Per Policy SK.22.02 Governor Haley signed and approved Safekeeping order dated November 22, 2013 placeing you in Safekeeping status. Per Policy OP-22.11 Maximum Security Unit emergency placement in MSU is approved by the Agency Director or Divission Director of Opperations. Due to your extreamly violent and uncontrollable behavior at the county facility you are being housed in MSU. See Exhibit (C) Attached.

15 On September 3, 2014 Plaintiff sent a letter concerning the Freedom of Information Act to SLED. Plaintiff recieved a letter from Agent Thomas W. Berry at SLED stating: The S.C. Law Enforcement Division was not responsible for the popperwork of your transfer from the

Aiken County Detention Center to the Kirkland Correctional Institution. Please contact the Barnwell County Sheriff's Department for information they have on the matter. See Exhibit (D) Attached.

16 On May 25, 2015 Plaintiff sent a letter to Defendant Charlton at the Barnwell County Detention Center (BCDC). Plaintiff requested the BCDC inmate disciplinary policy, asked her who was in charge or has authority over the county jail and to confirm the 3 writeups Plaintiff had recieved in the county facility. The first incident was for a fight on October 9, 2013, the second was for sitting on the mattress on the floor on October 23, 2013 and the third was for sitting on the mattress on the floor on November 12, 2013. This is not uncontrollable behavior. See Exhibit (E) Attached.

17 To show and prove what Plaintiff is saying, Plaintiff recieved a letter from Defendant Charlton dated June 9, 2015. The letter states: Enclosed you will find a copy of the Barnwell County Detention Center Policy on inmate disciplinary as you requested. Also in screening your records, there are no other incident reports against you beside the dates you listed in your letter. The sheriff of Barnwell County Sheriff Ed Carroll, is in charge of the Detention Center. (How can 3 writeups get the Plaintiff nearly 2 years in the Department of Corrections?) See Exhibit (F) Attached.

18 On July 13, 2015 Plaintiff sent a letter to Defendant Carroll concerning the Freedom of Information Act request. Plaintiff requested the safekeeping order and to confirm if any charges were brought against him about the alleged letter.

19 On July 27, 2015 Plaintiffs court appointed attorney for his criminal charges Nicole L. Singletary advised him that the Solicitors office dismissed the charges against him about the alleged letter.

20 Plaintiff recieved a letter from Defendant Carroll dated August 18, 2015 stating: Barnwell Sheriffs Department does not have any safekeeping orders or any information pertinent to what you are requesting. Our office did not bring any charges it was either SLED or the Barnwell Police Department. The safekeeping order came at the request of the Solicitors Office.

21 On August 26, 2015 Plaintiff had a court hearing to relieve counsel in Barnwell, South Carolina. At the hearing, Judge Early and Plaintiffs attorney, Ms. Singletary addressed that they were both fully aware of the punitive conditions of confinement that Plaintiff have been housed in. Judge Early advised Plaintiff that he would be transferred to Lee Correctional Institution, Plaintiff protested that he did not want to be housed in prison but any county jail. Judge Early advised plaintiff that he would have more Freedom and have more contact with his attorney and family. Later Plaintiffs attorney advised him of these same actions.

22 On August 27, 2015 Plaintiff was transferred to the Lee Correctional Institution. However, Plaintiff is still housed in the same punitive conditions.

23 On September 9th and 10th of 2015 Plaintiff sent his attorney Ms. Singletary 2 letters at which one was opened and returned to Plaintiff and the other was sent out to Ms. Singletary. Ms. Singletary denied recieving the letter, the letters contained some information about Plaintiffs case. Therefore, Plaintiff does not write Ms. Singletary because they are opening and reading his legal mail.

24 On November 3, 2015 Plaintiff had a Bond hearing in Barnwell, South Carolina. At the hearing Plaintiffs attorney Ms. Singletary stated: The same punitive conditions are imposed on the plaintiff even though he has been transferred to Lee. Also

this has infringed on our attorney client relationship and violates plaintiffs 6th Amendment Righ to counsel.

25 Therefore, being that Plaintiff is a pretrial detainee he cannot be housed in general population within SCDC. Even though Plaintiff is a pretrial detainee who is not suppose to be subjected to any punishment, Plaintiff is on lockdown 24 hours a day in North lockup with inmates for disciplinary infractions.

26 For almost the last 2 years Plaintiff has housed in these "punitive conditions of confinement". It obviously shows a significant hardship by: 1) Plaintiff cannot order soap from the canteen, but you have inmates who have been convicted of crimes that can. 2) Plaintiff is denied legal books. 3) Plaintiff gets no outdoor exercize (which prisons must provide prisoners with opportunities to exercize out of there cell). 4) Plaintiff showers only once mabe twice a week and thats one of the only times Plaintiff leaves the cell (the other is to make a legal call). 5) Plaintiff cannot order envolopes from the canteen to write family; Plaintiff gets 2 free envelopes a month. 6) Plaintiff is denied certain medical treetment because Barnwell has custody over him. Plaintiff is not an SCDC inmate and rellys on SCDC staff to put in certain papperwork they are not doing. Also, Plaintiff is under mental health and this type of confinement has extreamly contributed to his mental capacity, where Plaintiff takes 7 pills a day antisychotic medication and sleepin medication etc. Then again Plaintiff never had to take this type of medication untill his housing in these punitive conditions.

27 In general population and other convicted prisoners have more privileges than the Plaintiff and Plaintiff has not been convicted of any criminal charge. Although Plaintiff has been transferred from the Maximum Security Unit to Lee alot of the same punitive conditions remain and some has

gotten worst. Therefore, Plaintiff has been punished not once but twice.

28 Upon information and belief, the safekeeping order was requested by the Solicitor's Office with the intent to punish and deny Plaintiff due process of law. Knowingly, Defendant Carroll and others aided this action.

29 Clearly Plaintiff did not have any extreamly violent and uncontrollable behavior in the county facility. Being that Plaintiff is the 1st Pretrial Detainee to get transferred from the Barnwell County Detention Center to the Maximum Security Unit. Plaintiff was clearly singled out not only by the Barnwell County Detention Center but also by the Solicitor's Office. Plaintiff does not fall within the criteria of SCDC housing so obviously Plaintiff is housed within SCDC for his criminal charges.

## IV.  EXHAUSTION OF LEGAL REMEDIES

30 Plaintiff Dustin Robert Williamson used the grievance procedure available at the Kirkland Correctional Institution Maximum Security Unit to try and solve the problem. On December 17, 2013 Plaintiff wrote inmate request presenting facts relating to the complaint.

31 In Febuary of 2014 Plaintiff filed grievance grievance was later returned stating. Plaintiff would have to write a inmate request.

32 Plaintiff sent inmate request in May of 2014. On June 11, 2014 Plaintiff filed another grievance.

33 Upon waiting on response to grievance Plaintiff wrote several letters about his issues and tried to resolve them.

34 Following SCDC Policy giving them 114 days to respond to the grievance, Plaintiff approximately waited 200 days well over the time limit. On December 17, 2014 he appealed.

35 Plaintiff also wrote Defendant Charlton at the Barnwell County Detention Center requesting grievance forms and was denied.

## V. LEGAL CLAIMS

36 Plaintiffs reallege and incorporate by reference Paragraphs 1-35.

37 Defendants Ed Carroll and Deloris Charlton did not provide the Plaintiff with a hearing or a notice to contest his transfer from the Barnwell County Detention Center to the South Carolina Department of Corrections Maximum Security Unit (aka "Supermax" the most restrictive prison in the State of South Carolina). Therefore, this is in violation of Plaintiffs Constitutional Rights under the 14th Amendment Due Process Clause. This Amendment gives Plaintiff two liberty intrest. (Liberty Intrest arises when there is a violation of State or Constitutional law.) The first liberty Intrest arises from "Substantive due process" which gives plaintiff a liberty intrest to be free from jail conditions and anytype of punishment from State officials while awaiting trial. See Bell v. Wolfish 441 U.S. 520 1979. Second, Plaintiff has a State created liberty intrest not to be placed on Safekeeping Status.

38 Concerning the second liberty intrest it comes from the Safekeeping Policy SK.22.02 Section 1.1 states:

An individual held in county pre-trial confinement may be transferred to the custody of the SCDC to Section 24-3-80, South Carolina Code of laws, 1976, as amended, and state of South Carolina Executive Order # 2000-11 if individual falls into one of the following categories: 1) is conciderd to be a high escape risk; 2) exhibits extreamly violent and uncontrollable behavior;

or 3) must be removed from the county facility to protect the individual from the general population or from other detainees. Policy SK.22.02 is attached Exhibit (G).

39 By the mandatory languages in the policy "may and it" How they are used in its context is the same thing as saying, you will not be transferred to SCDC if you do not fall into the categories.

40 Being that the Plaintiff does not fall within the criteria of SCDC housing, it gives him a state created liberty intrest not to be placed on safekeeping status. Plaintiff should have been given a trial type hearing before being housed within SCDC on Safekeeper status. Therefore, Plaintiffs housing within SCDC is unconstitutional.

41 The first liberty intrest it is clear that the Plaintiff is being punished by the punitive conditions of his confinement. There is no legitimate reason why the plaintiff is being housed within SCDC. Plaintiff had recieved 3 writeups in the Barnwell County Detention Center, How can those 3 writeups be conciderd uncontrollable behavior and get him nearly 2 years in the Department of Corrections? It obviously shows where Plaintiff has been singled out by Defendant Jane or John Doe going out of the way to request a safekeeping order to get the Plaintiff housed in the South Carolina Department of Corrections Maximum Security Unit the most restrictive prison in the state and Plaintiff has not been convicted of any criminal charge. Plaintiff has not had any disciplinary infractions while housed within SCDC and has been transferred to the Lee Correctional Institution and yet he is still suffering from the same punitive conditions. Therefore, he has been punished twice.

42 By Defendants unlawful actions it has also violated Plaintiffs First and Fourth Amendment rights under the United States

Constitution. Plaintiff cannot recieve lawbooks nor certain parts of discovery so he cannot prepare for trial effectively. Plaintiff is not even allowed meaningful access to the law libary. See Bonds v. Smith 430 U.S. 817 (1977). This has effected the Plaintiff seriously where he's fighting for his life and has very limited contact with his attorney. Therefore, Plaintiff has tried to send out legal mail to his attorney and they have opened and read and even confiscated his mail. See State v. Ellefson 224 S.E. 2d 666. In Ellefson a detective was coping and searching Pretrial Detainees outgoing letters without a warrant, jail purpose or probable cause which violated detainees First and Fourth Amendment rights. In Plaintiffs case it can cause him serious Serious harm. This has caused Plaintiff suffering and emotional distress.

43 Moreover, this has violated Plaintiffs 6th Amendment Right to Counsel and is causing plaintiff irreparable harm.

44 The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the decloratory and injuctive relief which plaintiff seek's.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully pray that this court enter judgement:

45 Granting Plaintiff a declaration that acts and omissions described herein violate his rights under the Constitution and laws of the United States, and

46 A preliminary and permanent injuction ordering Defendant Brian Sterling to do the following: a) Release the Plaintiff from SCDC and place him in a county jail; b) stop housing pretrial detainees

within the Maximum Security Unit and stop punishing them. C) Provide pretrial detainees housed within SCDC outdoor exercize, Canteen privileges, access to books and magizines; and D) Provide convicted prisoners on lockup (esp. at Lee) out of cell exercize, and

47 A permenant injuction ordering Defendants Ed Carroll and Deloris Charlton to stop punishing pretrial detainees that have not been convicted of there alleged allegations without proper cause. Also, to provide pretrial detainees with a hearing or a notice before being punished or transferred from the Barnwell County Detention Center so they mabe able to contest their transfer, and

48 A permenant injuction ordering Defendant Jane or John Doe at the Solicitors office to stop punishing pretrial detainees of their criminal charges that they have not been convicted of.

49 Plaintiff seeks Punitive damages in the amount of $30,000. from Defendant Brian Sterling.

50 Plaintiff seeks Punitive damages in the amount of $30,000. from Defendant Jane or John Doe at the Solicitors office.

51 Plaintiff seeks Punitive damages in the amount of $15,000. from Defendant Ed Carroll.

52 Plaintiff seeks Punitive damages in the amount of $15,000. from Defendant Deloris Charlton.

53 Plaintiff seeks these damages against each defendant seperately.

54 Plaintiff also seeks a jury trial on all issues triable by jury.

55 Plaintiff also seek recovery of their cost in this suit, and

56 Any additional relief this court deems just, proper, equitable.

Dated: November 12, 2015

Respectfully Submitted,

Dustin Williamson
# SK5283
Lee Correctional Institution
990 Wisacky Hwy.
Bishopville, South Carolina

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Bishopville, South Carolina on November 12, 2015.

Dustin    Williamson