IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dustin Robert Williamson, | C/A No. 0:15-4755-MGL-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Clarance Rogers, Debra Eastridge, | |
| Defendants. | |

The plaintiff, Dustin Robert Williamson, a self-represented pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). By Order dated April 10, 2017, the court adopted the Report and Recommendation granting the original defendants' motions for summary judgment, and granted Williamson leave to amend his Amended Complaint to provide the names of the Jane and Joe Doe Defendants who were allegedly personally involved in violating Williamson's constitutional rights. (ECF No. 143.) Thereafter, Williamson filed a Second Amended Complaint naming Defendants Clarence Rogers and Debra Eastridge, and asserting claims against them pursuant to 42 U.S.C. § 1983.[1] (ECF No. 150.) Having reviewed the Second Amended Complaint in accordance with

---

[1] The Order provided Williamson leave to amend his Complaint within ten days of its filing. However, Williamson provided notice to the court by way of an affidavit that he could not meet that deadline due to his circumstances, (ECF No. 147), and he later filed the Second Amended Complaint outside of the time he was provided. The court finds Williamson's untimeliness should be excused.

Page 1 of 11



applicable law, including the screening provisions of § 1915 and § 1915A, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.[2]

I.   **Procedural Background**

Williamson was arrested on August 12, 2013 and detained at the Barnwell County Detention Center pursuant to arrest warrants for several violent crimes. Williamson was later transferred to the custody of the South Carolina Department of Corrections ("SCDC") pursuant to a "safekeeping order." See generally S.C. Code Ann. § 24-3-80. Williamson's allegations in his Second Amended Complaint appear to arise out of the period that he was detained at SCDC's Lee Correctional Institution, at which Defendant Clarence Rogers is a unit manager, and Defendant Debra Eastridge works in the mailroom.

Williamson alleges that unspecified SCDC staff take discovery material from his criminal defense attorney and place it in the property room, which he cannot access. (ECF No. 150 at 20.) Williamson also alleges that between September 9-10, 2015, Eastridge opened one piece of his legal mail that was addressed to his attorney and returned it to him. (Id.) Additionally, Williamson alleges a separate piece of legal mail that he sent to his attorney was never delivered. (Id.) Williamson further alleges Rogers has denied him meaningful access to the law library and, generally, the defendants have caused him to have limited contact with his attorney. (Id. at 24.) Finally, Williamson alleges he cannot order soap at the canteen; he is not allowed outdoor exercise; he is provided infrequent showers; his access to paper, envelopes, and phone calls is inadequate; and

---

[2] Williamson's Second Amended Complaint raises claims against the original defendants that were dismissed with prejudice pursuant to the court's April 10 Order adopting the Report and Recommendation granting those defendants' motion for summary judgment. Accordingly, those claims are no longer before the court, and the motions to dismiss the Second Amended Complaint filed by Defendants Jack Hammack, David Miller, Brian Sterling, Ed Carroll, and Deloris Charlton should be terminated as moot. (ECF Nos. 159, 160, 161.)



he is denied "certain" medical treatment. (Id. at 21.) He seeks an injunction ordering Rogers to provide him constitutionally adequate amenities for a pretrial detainee, including recreation, showers, law library access, phone access, and "other necessities." (Id. at 25.) He also seeks a permanent injunction to stop Eastridge from opening, reading, and confiscating legal mail. (Id.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Second Amended Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Second Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court

Page 3 of 11

PJG

need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Based on a review of Williamson's Second Amended Complaint, the court construes it as purporting to allege Defendants Rogers and Eastridge violated Williamson's Fourteenth Amendment rights. However, as discussed below, the court finds the Second Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

**1.     Denial of Access to the Courts**

Williamson claims that a letter he addressed and mailed to his attorney was never delivered, and another letter was opened, inspected, and returned to him. He also claims the defendants have



denied him sufficient access to the prison law library and his criminal defense attorney. The court construes these allegations as claims that the defendants denied him meaningful access to the courts.

It is well established that inmates have a "fundamental constitutional right of access to the courts [that] requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." See Bounds v. Smith, 430 U.S. 828 (1977); see also Magee v. Waters, 810 F.2d 451 (4th Cir. 1987) (applying Bounds's access to the courts requirement to pretrial detainees). Legal access programs need not include any particular element, and law libraries are only one constitutionally acceptable method, the alternatives to which could include legal service programs, but any program must be evaluated as a whole to ascertain its compliance with constitutional standards. Bounds, 430 U.S. at 832-33. A legal access program need only make available the tools inmates require to attack their sentences and challenge the conditions of their confinement, and any other impairment of their litigating capacity is an incidental consequence of conviction and incarceration. Lewis v. Casey, 518 U.S. 343, 355 (1996).

For a prisoner to raise a claim that he has been unconstitutionally denied access to the courts, he cannot rely on conclusory allegations. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). Rather, he must show actual injury or prejudice resulting from the official conduct—specifically, that the alleged deficiency in the legal access program hindered his effort to pursue his legal claim. Lewis, 518 U.S. at 351; Cochran, 73 F.3d at 1317 (citing Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir. 1993)).

In the case at bar, Williamson makes only bare and conclusory allegations that his access to the prison law library and his criminal defense attorney are insufficient. Williamson makes no allegation that he has been injured or prejudiced in a court or legal proceeding because of the

defendants' conduct. Moreover, Williamson has similarly failed to allege any injury or prejudice resulting from the legal mail that was purportedly opened and returned or not delivered. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (requiring the prisoner "provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts"). Because Williamson has failed to allege the requisite elements of injury or prejudice in regard to his claims that he was denied meaningful access to the courts, the court finds these claims should be summarily dismissed for failure to state a claim upon which relief can be granted. See Lewis, 519 U.S. at 351; Cochran, 73 F.3d at 1317.

### 2. Conditions of Confinement

Williamson alleges he cannot order soap at the canteen; he is not allowed outdoor exercise; he is provided infrequent showers; his access to paper, envelopes, and phone calls is inadequate; and he is denied "certain" medical treatment. The court construes these allegation as claims that the defendants have been deliberately indifferent to Williamson's conditions of confinement and medical needs in violation of the Fourteenth Amendment.

Claims of pretrial detainees against detention center officials regarding conditions of confinement are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). "The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner; while the convicted prisoner is entitled to protection only against punishment that is 'cruel and unusual,' the pretrial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to *any* form of 'punishment.' " Martin, 849 F.2d at 870; see also Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992). Further, "the fact that

PJG

[the] detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.' " Bell, 441 U.S. at 537.

The United States Court of Appeals for the Fourth Circuit has held that the standard for determining whether detention center officials have violated a pretrial detainee's right to due process is deliberate indifference. See Hill, 979 F.2d at 991. Although these claims are analyzed under the Fourteenth Amendment, case law interpreting the standard of "deliberate indifference" under the Eighth Amendment is instructive. See, e.g., Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001) (stating that whether the plaintiff is a pretrial detainee or a convicted prisoner, the "standard in either case is the same—that is, whether a government official has been 'deliberately indifferent to any [of his] serious medical needs' ") (quoting Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990)).

Generally, to establish a claim based on alleged deliberate indifference, an inmate must establish two requirements: (1) objectively, the deprivation suffered or injury inflicted was "sufficiently serious," and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.' " Williams, 77 F.3d at 761 (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)). Objectively, the court must assess "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that

PJG

the risk of which he complains is not one that today's society chooses to tolerate." Helling v. McKinney, 509 U.S. 25, 36 (1993).³

In the case at bar, Williamson's bare assertions about his conditions of confinement and lack of medical treatment fail to state a claim upon which relief can be granted. Initially, the court notes that Williamson has failed to allege facts that show either defendant was personally involved in these purported deprivations. See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997) (holding that an official must be personally involved in the alleged deprivation before liability may be imposed). Moreover, while Williamson alleges Rogers is manager within the prison, a claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).

Moreover, as to his brief conditions of confinement claims regarding his inability to buy soap at the canteen, no outdoor exercise, and infrequent showers, these claims should be dismissed for failure to allege a sufficiently serious deprivation of human need. See Wilson v. Seiter, 501 U.S.

---

³ The court observes the United States Supreme Court recently held that for a pretrial detainee to establish an excessive force claim under the Fourteenth Amendment, he need not show that the officer was subjectively aware that the use of force was excessive; rather, he need only show that the force purposely, knowingly, or possibly recklessly used against him was objectively unreasonable. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015). However, Kingsley did not address whether this standard applies to other claims by pretrial detainees pursuant to the Fourteenth Amendment, and, to date, the Fourth Circuit has not considered this issue. Cf. Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) (extending Kingsley to conditions of confinement claims by pretrial detainees pursuant to the Fourteenth Amendment); Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (*en banc*) (extending Kingsley to failure-to-protect claims by pretrial detainees pursuant to the Fourteenth Amendment). Here, however, the court need not address whether Kingsley's standard extends to a pretrial detainee's Fourteenth Amendment claim asserting deliberate indifference to a serious need as the court finds Plaintiff's claim can be addressed without consideration of the subjective prong generally applied to Eighth Amendment claims.

PJG

294, 298 (1991) ("The Constitution . . . does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal citations and quotation marks omitted); see also Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (finding inmates alleging they were not allowed outdoor recreation, among other onerous conditions during their six-month administrative confinement, did not show that a liberty interest was implicated by the conditions to state a due process claim); Hinojos v. Byars, C/A No. 2:13-1900-JFA-WWD, 2014 WL 3687400, at *5 (D.S.C. July 23, 2014) ("The law is clear that bathing opportunities may be severely reduced or curtailed without violating an inmate's Eighth Amendment rights.") (collecting cases).

As to Williamson's claim that he can only make two phone calls per month, there is no constitutional right to make phone calls in prison. See United States v. Alkire, 82 F.3d 411 (4th Cir. 1996) (Table); Durdick v. Byars, Civil Action No. 3:11-2979-CMC-JRM, 2012 WL 5306263, at *5 (D.S.C. Sep. 28, 2012) (collecting cases). As to his inadequate access to paper and envelopes claim, there is no constitutional right to such items, and to the extent it could be construed as a denial of access to courts claim, it fails for the same reasons stated above. See Lewis, 519 U.S. at 351; Cochran, 73 F.3d at 1317. Finally, as to Williamson's unspecific and bare allegation that he has been "denied certain medical treatment," such an allegation is insufficient to state a claim for deliberate indifference to a serious medical need. Williamson has failed to set forth facts that describe an illness or injury or what medical treatment was denied to him. See Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016). Accordingly, the court finds that Williamson's various claims that the defendants were deliberately indifferent to his conditions of confinement and medical needs should be dismissed for failure to state a claim upon which relief can be granted.

*PJG*

**III.    Conclusion**

For the foregoing reasons, it is recommended that the Second Amended Complaint be dismissed without prejudice and without issuance and service of process.

_____
June 2, 2017                                                          Paige J. Gossett
Columbia, South Carolina                                  UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).